**Katherine Schmidt, Appellant, v. The Equitable Life Assurance Society of the United States, Appellee.**

**Gen. No. 38,001.**

Opinion filed November 20, 1935. Rehearing denied December 4, 1935.

BANGS, CRANE & SLATER, of Chicago, for appellant; DRENNAN J. SLATER, of counsel.

MAYER, MEYER, AUSTRIAN & PLATT, of Chicago, for appellee; FREDERIC BURNHAM and MILES G. SEELEY, both of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This appeal by the plaintiff is in this court for the purpose of a review of the record wherein a judgment was entered in favor of the defendant in plaintiff's action in assumpsit on two life insurance policies executed by the defendant and issued upon the application of Edward C. Schmidt, the insured, wherein the plaintiff, his wife, was named as beneficiary in each of the policies. Upon the death of the insured, plaintiff was to receive from the defendant the sum of $5,271.60, being the amount due on each policy. The court sustained defendant's demurrer to plaintiff's second amended declaration, and upon plaintiff's election to stand by her declaration, the court entered judgment for the defendant.

The material allegations of the second amended declaration are that the policies sued on were issued by the defendant on October 20, 1925. They were applied for by the insured on September 17, 1925, and the initial premiums were paid on October 16, 1925. Each policy provided that the second and succeeding annual premiums were to become due on August 13, 1926, and each year thereafter.

It further appears from the allegations of the amended declaration that the consideration for the payment of the face value of the policies, upon the death of Edward C. Schmidt, was the annual payment in advance of premiums on each policy of $293.26. August 13th was the annual premium date. Seven annual payments on each policy were made by the insured to and including August 13, 1931.

Edward C. Schmidt died on September 16, 1932. The defendant was notified of his death the next day,

but thereafter denied liability on the ground that the policies had lapsed because of a default three days prior to the date of death, being more than 30 days allowed under the terms of the policy within which to make payment of the premium due on August 13, 1932.

The defendant concedes that the insured in the instant case received less than a full year of insurance coverage in return for his initial premium payment. It is obvious that the insured was not actually insured until the defendant issued the policies on October 20, 1925, and delivered them to Edward C. Schmidt, the insured. The time for payment is of course controlled by the contract of insurance. There must be a reason for this policy requirement that the premiums were to be paid and become due August 13th of each year.

Taking into consideration the entire contract, we find that in order to take advantage of a reduced insurance rate other than chargeable at the age of the insured, the insured stated in his application that he was born on February 13, 1874, and on the date of the application, September 17, 1925, would be rated for insurance premiums as of the age of 52 years, his nearest birthday. But the insured expressly requested in his application, ''Date policy August 13, 1925 for age 51.'' It is evident from this notation on his application that he wished to obtain a lower premium rate, and the contract of insurance bearing this notation, with the various provisions of the policy, fully appears from plaintiff's amended declaration.

The theory of the plaintiff is that the parties intended that each annual premium should be due approximately two months before the first day of the policy year, and should purchase a full year's insurance running from the effective date of the policy, October 16, 1925; that notwithstanding the requirement for premium payment in advance, the seven payments made by the insured gave him protection for

seven full years, or until October 16, 1932, one month after date of death.

Plaintiff further contends that the provision in the policy, ''Except as herein expressly provided, the payment of any premium or instalment thereof shall not maintain this policy in force beyond the date when the succeeding premium or instalment thereof becomes payable,'' is ambiguous, in that it does not specifically enumerate the exceptions where it has no application.

The defendant's answer to plaintiff's theory is that the law does not require, except in the absence of any agreement between the parties, that the initial premium paid upon a policy of life insurance shall purchase a full calendar year of insurance, but that when the parties agree that the second premium shall fall due in less than a year and that nonpayment thereof shall result in the expiration of the policy before it has been in effect for a full year, the law enforces such an agreement according to its terms.

The defendant contends that the failure of the insured to pay premiums due, as appears from the facts in the record, was a default, in fact, terminated the obligation of the defendant to pay the beneficiary the amount provided for by the policies. It is true that the insured was in default, but the policies themselves determine whether the beneficiary is without relief, based upon the fact of the death of the insured subsequent to a default. Certain options are provided for in the policies, which are, in substance, that after three full years' premiums have been paid, on default of any subsequent premium and within three months after such default, the policy may be surrendered by the insured, who may elect one of the following options: (a) receive cash surrender value, (b) purchase paid-up insurance, (c) continue the insurance for the face amount as paid-up extended term insurance for the period shown by the table appearing in the policy. In

the event of default in payment of premium after this policy has been in force three full years, if the insured does not select one of said options within three months after default, the insurance shall be continued as provided in option (c). If there is any indebtedness against the policy, the cash surrender value shall be reduced thereby, the paid-up insurance shall be reduced proportionately, and the extended term insurance shall be for the face of the policy, less indebtedness, and for such period as the reduced cash value will purchase.

It is not disputed that the insured paid more than three full years' premiums. It necessarily follows that the policies by the terms thereof, were still in force after nonpayment. Before the expiration of the time to exercise the option, the insured died. Action on the policies survived, and as a result the plaintiff is in a position as beneficiary to recover the amount due from the defendant, as provided for by the policies themselves. The contract provides for this, and the defendant is bound under the very terms of its contract. Otherwise, if the contract of insurance was at an end, all rights provided for in the contract would also terminate. To permit a forfeiture, however, under the circumstances, would be doing violence to the understanding of the parties in the instant case. This construction is reasonable and the rule is well established without the necessity of citation of authorities, that courts are inclined to construe a contract of insurance so that it will not impair the indemnity of the insured, and adopt one which is favorable to the insured in order that the beneficiary, as in the instant case, may recover. These policies were prepared by the company itself, and the language is its language, not the insured's, and we believe that the interpretation of this court is in the sense in which the insured understood this provision. In construing this provision of the insurance

contract, the language employed in these policies is controlling, and our conclusion that the policies were still in force is based upon the fact that after three full years' payment of premiums where the insured defaulted, he was required to select one of three options within the fixed time, and upon failure to exercise the option selected, the policies automatically continued for the face amount of the policy as paid-up extended term insurance for the period shown by the table in the policy. But death interfered with the exercise of any of the options provided for in the contract, and by its terms, the contract was still in force and the right of action by the plaintiff survived, and she can maintain this suit to recover as beneficiary.

It is our opinion that the court erred in entering judgment for the defendant, and the same is reversed and the cause remanded with directions to the court to enter such other and further orders as may be consistent with the views herein expressed.

*Reversed and remanded with directions.*

HALL, P. J., concurs.

DENIS E. SULLIVAN, J., took no part.